JAMES S. RAY v. GEORGE R. LEWIS and Others.[1]

February 2, 1897.

Nos. 10,247—(207).

**Breach of Contract—Damages.**

*Held*, that the evidence was not such as to require an assessment of defendant's damages, for breach of a contract, at a greater sum than that awarded by the trial court.

**Garnishee—Liability for Interest.**

The rule that a garnishee is not chargeable with interest (as damages for the detention of money), while he is, by the operation of an attachment, restrained from making payment, applies only where he stands in all respects as a mere stakeholder, ready and willing to pay to whomsoever the court directs, and not where he assumes the attitude of a litigant.

Appeal by defendants from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial. Affirmed.

Exhibit B, referred to in the opinion, was a contract between the Columbian Fire Insurance Company and defendants, by which the company appointed them its general agents for three years for Minnesota, North Dakota and South Dakota. Defendants were to pay all expenses for special agents or adjusters, and all commissions for agents appointed in the above-named states, and were to be allowed

1 Reported in 69 N. W. 1100.

a gross commission of 30 per cent. on all premiums received and retained by the company, after deducting cancellations and reimbursements. All supplies and policies necessary to transact business, together with all expenses of entering the states, postage, taxes, licenses, expressage, and local board expenses and attorney's fees in litigated cases were to be paid by the company. The company was also to pay defendants a contingent commission of five per cent. on the net profits of the business in the above named states.

The findings of fact referred to in the opinion are as follows:

14. That during the month of February, 1894, and thereafter, the defendants received no premiums whatever upon policies written during said month, but that a large number of policies written theretofore and prior to February 1, 1894, were returned to their office for cancellation. That they paid return premiums upon said cancelled policies to the net amount of two thousand seven hundred thirty-five and 84-100 dollars. That all of said return premiums were paid by the defendants prior to said assignment of said Insurance Company. That during said month defendants incurred expenses in the usual course of business and to which they are entitled to credit to the amount of two hundred fifty-six and 40-100 dollars.

15. That the net value to the defendants of the business of said Insurance Company was approximately three hundred and twenty-five dollars per month, the monthly profits on the said contract averaging that sum during the time the same was in force.

16. That in addition to the business of said Insurance Company the defendants represented other insurance companies as agents therefor, deriving a net profit from said other business of approximately four thousand dollars per annum.

*Gilfillan, Willard & Willard,* for appellants.
*William W. Bartlett,* for respondent.

MITCHELL, J. The plaintiff, as receiver of the Columbian Fire Insurance Company, brought this action to recover from defendants an amount alleged to be due from them to the insurance company for premiums received by them as its agents under the contract (Exhibit B of the complaint). The defendants set up two defenses,— one on the merits, and the other in abatement. The first was damages (to an amount in excess of plaintiff's claim) caused by a breach by the insurance company of the contract (Exhibit B), the breach consisting of the insolvency and assignment of the company in February, 1894 (Exhibit A of the complaint). The plea in abatement

was that the defendants had been garnished by creditors of the insurance company. The court found:

"That by reason of the assignment of said insurance company, and the consequent breach of its contract with the defendants, they suffered loss to the extent of six hundred dollars."

The court deducted this sum from the amount in the hands of the defendants belonging to the insurance company, and ordered judgment against them for the balance, with interest from the time when, according to the terms of the contract, it ought to have been paid.

There is no foundation for the contention of counsel that the $600 was deducted as a credit to which defendants were entitled under the contract. The terms of the contract show that they were not entitled to any such credit, and the court's findings Nos. 14 to 16, inclusive, show what credits he did allow, and how he arrived at the balance due. Hence the only questions presented by the record and assignments of error are: (1) Did the evidence require a finding that defendants' damages resulting from the breach of the contract were more than $600? (2) Were defendants chargeable with interest during their garnishment?

1. Taking the view of the law most favorable to defendants, to wit, that the breach of the contract was total, and that they were entitled to recover, once for all, damages, present and prospective, resulting from the breach, we are of opinion not only that the evidence was not such as to require a larger award, but also that the amount awarded was at least as large as the evidence would have justified.

Future profits on a contract of this kind are subject to many contingencies, and at best largely conjectural. The amount of profits in the past cannot be taken as the measure of damages, for the earning of these profits required the time and service of the defendants, which, when the contract came to an end, were free to be used in some other business. The evidence shows that this is the case with the defendants. They are all engaged in other work, in which the aggregate of their individual earnings is as great as that of the partnership while acting as agents of the insurance company. The evidence further shows that by reason of doubts as to the credit of

the insurance company the business of the agency had ceased to be profitable some time before the company stopped business and made an assignment. The fact that defendants, at the time of accepting the agency, purchased from the company some of its capital stock, which has since depreciated in value, is not an element of the damages resulting from the breach of the contract.

2. The defendants' debt to the insurance company was not one bearing interest by the agreement of parties, but accrued by way of damages for the wrongful detention of the principal sum. In such case the rule is generally stated to be that a garnishee ought not to be charged with interest while he is, by the legal operation of an attachment, restrained from making payment. But this only applies where the garnishee stands in all respects rectus in curia as a mere stakeholder, ready and willing to pay over to whomsoever the court directs. It never applies to a case where he assumes the attitude of a litigant. Drake, Attachm. § 665. This was the attitude of the defendants in this case. They denied their indebtedness altogether, claiming that their damages more than offset it.

Order affirmed.